UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SABA BAPTISTE-ALKEBUL-LAN,

    Plaintiff,

v.                                        Case No: 8:21-cv-1751-CEH-JSS

COMPUTER MENTORS GROUP,
INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Dkt. 9) ("Motion"), which the Court construes as a Motion for Leave to Proceed *in Forma Pauperis*. For the reasons that follow, it is recommended that the Motion be denied and that Plaintiff's Second Amended Complaint (Dkt. 8) be dismissed without prejudice.

## APPLICABLE STANDARDS

Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security. 28 U.S.C. § 1915(a)(1). A court's decision to grant *in forma pauperis* status is discretionary. *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983). When considering a motion filed under § 1915(a), "'[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty.'" *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004)

(quoting *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976)). However, when an application to proceed *in forma pauperis* is filed, the Court must review the case and dismiss it *sua sponte* if the Court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

## ANALYSIS

Upon review of the Motion, it appears that Plaintiff is financially eligible to proceed *in forma pauperis* in this case. Nonetheless, the Court recommends that Plaintiff's Amended Complaint be dismissed because it fails to properly state claims as required by the Federal Rules of Civil Procedure. Although pleadings drafted by pro se litigants are liberally construed, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), they must still "conform to procedural rules." *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002).

Plaintiff's Second Amended Complaint fails to satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a). Under Rule 8, a complaint must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a). Complaints that violate Rule 8(a) are often referred to as "shotgun pleadings." *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) ("Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun

pleadings.'"). The Eleventh Circuit has identified four general categories of shotgun pleadings. *Id.* at 1320–21. The first type of shotgun pleading is a complaint "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321. The second type of shotgun pleading is the complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1321–22. The third type of shotgun pleading is one that fails to separate into a different count each cause of action or claim for relief. *Id.* at 1322–23. The last type of shotgun pleading is one that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323.

In this action, Plaintiff purports to bring claims against her former employer, Computer Mentors Group, Inc. and its Executive Director, Ralph Smith. (Dkt. 8 at 2.) She alleges that Mr. Smith discriminated against her by denying her "evaluations and pay raises based on being a woman." (*Id.* at 4.) She seeks $370,000.00 in damages. (*Id.*) Notwithstanding these allegations, much of the text of the Second Amended Complaint appears to be cut off or obscured. (Dkt. 8 at 3–5.) Therefore, it is unclear what further information Plaintiff may have provided, or if there are additional facts that support her claims. For example, when asked to identify the specific federal statutes at issue in this case, Plaintiff provides that "U.S. Code prohibits discrimination

against persons based [on] race, gender, age, harassment, and retaliation, which are five issues presented in this case." (*Id.* at 3.) However, as noted above, the Second Amended Complaint only includes factual allegations relating to Plaintiff's gender discrimination claim.

Accordingly, it is **RECOMMENDED**:

1. Plaintiff's construed Motion for Leave to Proceed *in Forma Pauperis* (Dkt. 9) be **DENIED** without prejudice;

2. Plaintiff's Second Amended Complaint (Dkt. 8) be **DISMISSED** without prejudice and with leave to file an amended pleading that complies with the Federal Rules of Civil Procedure.[1] *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("Generally, where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.") (internal quotation and citation omitted). It is recommended that the amended complaint, if any, be due within twenty (20) days of the date this Report and Recommendation becomes final.

**IT IS SO REPORTED** in Tampa, Florida, on November 19, 2021.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

---

[1] Ms. Baptiste is encouraged to consult the "Litigants Without Lawyers" guidelines on the court's website, located at http://www.flmd.uscourts.gov/litigants-without-lawyers.

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Charlene Edwards Honeywell
Unrepresented Parties