UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SABA BAPTISTE-ALKEBUL-LAN,

    Plaintiff,

v.                                                   Case No: 8:21-cv-1751-CEH-JSS

RALPH SMITH and COMPUTER
MENTORS GROUP, INC.,

    Defendants.
_____/

## **ORDER**

THIS MATTER is before the court on Plaintiff's Motion (Dkt. 34), which is construed as a motion to disqualify the undersigned. Upon consideration and for the reasons that follow, the Motion is denied.

"A judge should recuse [herself] under § 455(a) when there is an appearance of impropriety." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (citing 28 U.S.C. § 455(a)). "[T]he standard of review for a § 455(a) motion 'is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality[.]'" *Id.* (quoting *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988)). "[A]ny doubts must be resolved in favor of recusal." *Id*

In her Motion, Plaintiff asks whether there is a conflict of interest since the undersigned was formerly employed at Akerman, LLP, the firm that represents non-party, The Skills Center, Inc. However, case law establishes that "[a] judge's former

affiliation with a firm representing a party, without more, is not grounds for disqualification." *Strickland v. Chase Bank USA Nat'l Ass'n*, No. 1:08-cv-3270-WSD, 2010 WL 298798, at *2 (N.D. Ga. Jan. 19, 2010) (quoting *Draper v. Reynolds*, 369 F.3d 1270, 1281 & n.18 (11th Cir. 2004) (holding that judge's former affiliation with law firm that represented a party did not warrant disqualification under 28 U.S.C. 455(a); and noting that a two year recusal period is generally reasonable where the judge is no longer receiving financial payment from a former law firm)); *Huff v. Standard Life Ins.*, 683 F.2d 1363, 1370 (11th Cir. 1982) (noting that the fact that the judge was a former law partner of the firm representing one of the parties in the action did not create a risk of impartiality that would jeopardize the image of the judicial system); *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1166 (5th Cir. 1982) ("The fact that [the judge] once represented [the defendant] in unrelated matters does not forever prevent him from sitting in a case in which [the defendant] is a party. . . . The relationship between [the judge] and [the defendant], terminated at least six years ago [when the judge was appointed to the bench], is too remote and too innocuous to warrant disqualification under § 455(a)."); *Apex Oil Co. v. Apex Oil*, 981 F.2d 302, 304 (8th Cir. 1992) (holding that an Eighth Circuit judge's prior partnership in the law firm that represented a party involved in the bankruptcy dispute at issue was not required to recuse himself); *Ford v. Bank of Am.*, No. 99-2368, 2000 WL 1028238, at *2 (10th Cir. July 26, 2000) (unpublished) (noting that a judge's prior employment with law firm representing defendants did not require disqualification).

The court finds that Plaintiff has not demonstrated any basis for disqualification. The undersigned is more than six years removed from her employment with Akerman, LLP. The undersigned has no financial ties with the firm and no personal stake in the outcome of this case. Plaintiff's Motion is insufficient to require disqualification. As such, the undersigned declines to recuse herself from this matter.

Accordingly, it is **ORDERED** that Plaintiff's Motion (Dkt. 34) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, on March 28, 2022.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties