UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SABA BAPTISTE-ALKEBUL-LAN,

    Plaintiff,

v.                                                                                   Case No: 8:21-cv-1751-CEH-JSS

RALPH SMITH and COMPUTER
MENTORS GROUP, INC.,

    Defendants.
_____/

## **ORDER**

THIS MATTER is before the court on The Skills Center, Inc.'s Opposed Non-Party Motion to Quash Summons or, in the Alternative, Motion to Dismiss ("Motion") (Dkt. 18). On March 28, 2022, the court held a hearing on the Motion. For the reasons stated at the hearing, the Motion is granted.

Plaintiff commenced this action in July 2021. (Dkt. 1.) In her Third Amended Complaint, Plaintiff asserts various claims of discrimination against Defendants Computer Mentors Group, Inc. and Ralph Smith. (Dkt. 11.) On January 4, 2022, the court granted Plaintiff permission to proceed *in forma pauperis* on the Third Amended Complaint. (Dkt. 13.) The court further ordered Plaintiff to "complete and return the 'Summons in a Civil Case' forms" and directed the United States Marshal "to serve Defendants in accordance with Federal Rule of Civil Procedure 4(e)-(j), as applicable." (*Id.* at 1–2.)

On January 25, 2022, the Clerk of Court issued the summonses as to all Defendants and certified that the summonses had been delivered to the United States Marshals Service for service of process. (Dkt. 15.) Shortly thereafter, on February 1, 2022, the Clerk of Court docketed the executed returns of service as to Computer Mentors Group, Inc. and Ralph Smith. (Dkts. 16, 17.) Both returns of service, however, indicate that they were signed for by the individual "Celeste Roberts." (*Id.*) In response to receiving the summons and Third Amended Complaint, The Skills Center, Inc. filed the instant Motion.

After a complaint is filed, the plaintiff must serve the *defendant* with the summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1) (emphasis added). Where a plaintiff is authorized to proceed *in forma pauperis*, the court must "order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). If service is made on a non-party, it is defective, and must be quashed. *See 2950 Summer Swan Land Trust v. Deutsche Bank Nat'l Trust Co.*, No. 2:21-cv-42-SPC-NPM, 2021 WL 778878, at *3 (M.D. Fla. Mar. 1, 2021) (noting that service made on a non-party "was defective and must be quashed"); *Martinez v. Deutsche Bank Nat'l Trust Co.*, No. 5:11-cv-580-Oc-10TBS, 2012 WL 162360, at *3 (M.D. Fla. Jan. 19, 2012) (quashing service on an entity that was different than the named defendant).

In its Motion, The Skills Center, Inc. ("The Skills Center") asserts that its President, Celeste Roberts, was the individual served with the summons and copy of Plaintiff's Third Amended Complaint. (Dkt. 18 at 1.) Having been served these

documents, The Skills Center moves to quash service of the Third Amended Complaint since "[n]either Ms. Roberts nor The Skills Center are named in the summons or complaint, and the allegations therein pertain to neither Ms. Roberts nor The Skills Center." (*Id.* at 2.) In support, The Skills Center submits the affidavit of Ms. Roberts who avers that she is "not a registered agent, officer, director, or employee of Computer Mentors Group, Inc." (Dkt. 18-1 a¶ 4.) In response, Plaintiff asserts that she "never sent a non-party or third-party summons or mentioned [The Skills Center] in the original complaint." (Dkt. 22 at 1.) Moreover, at the hearing, Plaintiff stated that she did not intend to sue The Skills Center or Celeste Roberts and that neither party was named in her operative Complaint.

Accordingly, because The Skills Center and Ms. Roberts are not named parties in Plaintiff's Third Amended Complaint, the Motion (Dkt. 18) is **GRANTED**.

**DONE** and **ORDERED** in Tampa, Florida, on March 30, 2022.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties