UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SABA BAPTISTE-ALKEBUL-LAN,

    Plaintiff,

v.                                            Case No: 8:21-cv-1751-CEH-JSS

RALPH SMITH and COMPUTER
MENTORS GROUP, INC.,

    Defendants.
_____/

## ORDER

Defendant Computer Mentors Group, Inc. (CMG) moves to quash a summons and proposed Fourth Amended Complaint served by Plaintiff on counsel for CMG on June 9, 2022. (Motion, Dkt. 98.) On July 18, 2022, Plaintiff filed an opposition to the Motion. (Dkt. 105.) Upon consideration, and for the reasons stated herein, Defendant CMG's Motion is **GRANTED**.

### BACKGROUND

On May 19, 2022, the court entered an order dismissing this action without prejudice, subject to the right of the parties, within 60 days, to submit a stipulated form of final order or judgment, or for any party to move to reopen the action, upon good cause shown. (Dkt. 86). The action was administratively closed, and all pending motions were denied as moot (*Id.*), including Plaintiff's then-pending motion for leave to file a Fourth Amended Complaint. (Dkt. 76.)

On June 9, 2022, while the action remained closed, Plaintiff served CMG with a purported summons and several documents that had been previously filed in this action. (Dkt. 94). The purported summons described the contents of the "[s]ummon[s] packet," but provided no other direction to CMG. (Dkt. 98-1.) It did not bear the court's seal, nor was it signed by the clerk. (*Id.*) Included with the purported summons were the following previously filed documents: Plaintiff's motion for leave to file a Fourth Amended Complaint, (Dkt. 76); Plaintiff's proposed Fourth Amended Complaint, (Dkt. 76-1); CMG's Waiver of the Service of Summons, dated April 11, 2022, (Dkt. 48); and a notice of appearance by CMG's counsel dated April 11, 2022, (Dkt. 49). (Dkt. 98-1).

On July 8, 2022, CMG moved to reopen the case in light of Plaintiff's actions after the case had been dismissed. (Dkt. 97.) The court granted that motion and the case was reopened. (Dkt. 101.) CMG also moved for an order quashing the summons and proposed Fourth Amended Complaint which were served when the case was closed. (Motion.)

In response to the Motion, Plaintiff appears to recognize the defects in having served the summons while the case was closed. (Dkt. 105.) Plaintiff states that she had "[s]ubmitted [the documents] apprehensively" and "[r]ecognized later that the case was de facto closed." (*Id.* at 3–4.) Plaintiff further states that the "physical delivery to Akerman Law firm on June 9, 2022, of the waiver [of] summon[s] was not necessary along with [the] proposed amended complaint[]" and "[n]o harm was caused due to these actions because the case was closed." (Dkt. 105 at 4.)

## ANALYSIS

Upon review, the court finds that the purported summons is procedurally deficient and is therefore quashed. All litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure," regardless of whether the litigant is represented by an attorney. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). The Eleventh Circuit requires *pro se* litigants to "conform to procedural rules." *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002).

Here, Plaintiff's purported summons is procedurally deficient for several reasons. First, Plaintiff served the purported summons on CMG after the action had been dismissed and while the action was administratively closed. (Dkt. 86.) Such service was improper. *See Dorest v. Publix Super Markets, Inc.*, No. 18-62574-CIV, (S.D. Fla. June 14, 2019), ECF No. 11 (noting that "any process served in this case after the Court's February 4, 2019 Dismissal Order [was] a nullity").

Second, Plaintiff's purported summons fails to substantially comply with the requirements of Federal Rule of Civil Procedure 4. A summons that does not "substantially comply" with Rule 4 is defective and may invalidate service of process. *See Martinez v. Deutsche Bank Nat. Tr. Co.*, No. 5:11-CV-580-OC-10TBS, 2012 WL 162360, at *3 (M.D. Fla. Jan. 19, 2012) (finding as defective a summons that, among other things, did not provide an address for the service of an answer or motion, was not signed by the clerk, and did not bear the court's seal). Here, Plaintiff's purported summons was not signed by the clerk, nor did it bear the court's seal. Fed. R. Civ. P. 4(a)(1)(F)-(G). Further, the purported summons did not state the time within which

CMG must appear and defend or notify CMG that a failure to appear and defend will result in a default judgment. Fed. R. Civ. P. 4(a)(1)(D)-(E). Plaintiff's purported summons is thus procedurally defective and not valid. *Martinez*, 2012 WL 162360, at *3.

Finally, to the extent Plaintiff is seeking to amend her complaint by serving the proposed Fourth Amended Complaint on CMG, seeking amendment in such manner is improper. Under Federal Rule of Civil Procedure 15, a party may amend its pleading "once as a matter of course" within twenty-one (21) days after serving it or within twenty-one (21) days after the filing of responsive pleadings. Fed. R. Civ. P. 15(a)(2). After that, a party may amend "'only with the opposing party's written consent or the court's leave,' which '[t]he court should freely give . . . when justice so requires.'" *In re Engle Cases*, 767 F.3d 1082, 1108 (11th Cir. 2014) (quoting Fed. R. Civ. P. 15(a)(2)). Here, Plaintiff has previously amended her complaint three times. (Dkts. 5, 8, 11.) Plaintiff has thus exhausted her one amendment as a matter of course, and may further amend her complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Service of the Fourth Amended Complaint on CMG as a way to amend her complaint was improper. Plaintiff's effort seeking leave to file a Fourth Amended Complaint before the action was dismissed indicates that she is aware of her obligation to comply with this procedural requirement. (Dkt. 76.)

Accordingly, because the purported summons was defective and failed to conform to procedural rules, it is **ORDERED** that Defendant's Motion to Quash is **GRANTED**.

**ORDERED** in Tampa, Florida, on July 26, 2022.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties