UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SABA BAPTISTE-ALKEBUL-LAN,

      Plaintiff,

v.                                 Case No: 8:21-cv-1751-CEH-JSS

RALPH SMITH and COMPUTER
MENTORS GROUP, INC.,

      Defendants.
_____/

## ORDER

Plaintiff seeks reconsideration of the court's Order and requests additional relief in her Motion for Reconsideration of Order [106]/Grant Leave to Amend Complaint [76]/Include COVID-19 as Precedented in Wrongful Termination/Grant Rule 12(b)(6) Default in Favor of Plaintiff [16, 17]/Clarification on Waiver Summon [48]/Extend Request Discovery Questions Until September 6, 2022. (Motion, Dkt. 107.) Defendant Computer Mentors Group, Inc. opposes the Motion. (Dkt. 109.) On October 31, 2022, the court held a hearing on the Motion. For the reasons stated at the hearing and explained below, the Motion is **GRANTED** in part and **DENIED** in part.

## BACKGROUND

Plaintiff commenced this action in July 2021. (Dkt. 1.) In her Third Amended Complaint, she asserts various claims of discrimination against Defendants Computer

Mentors Group, Inc. (CMG) and Ralph Smith.  (Dkt. 11.)  On January 4, 2022, the court granted Plaintiff permission to proceed *in forma pauperis* on the Third Amended Complaint.  (Dkt. 13.)  The court further ordered Plaintiff to "complete and return the 'Summons in a Civil Case' forms" and directed the United States Marshal "to serve Defendants in accordance with Federal Rule of Civil Procedure 4(e)-(j), as applicable." (*Id.* at 1–2.)  Plaintiff, however, mistakenly served the president of non-party The Skills Center, Inc. (Skills Center) with the summons and a copy of the Third Amended Complaint.  (Dkts. 16, 17, 18.)   Skills Center moved to quash service of the Third Amended Complaint as neither Skills Center nor its president are named parties.  (Dkt. 18.)  The court granted Skills Center's motion.  (Dkt. 43.)

On April 11, 2022, CMG executed a waiver of the service of summons.  (Dkt. 48.)  Thereafter, at the direction of the court (Dkts. 40, 82), the parties mediated, and Defendant CMG filed a Notice of Settlement.  (Dkts. 84, 85.)  On May 19, 2022, the court entered an order dismissing this action without prejudice, subject to the right of the parties to submit a stipulated form of final order or judgment, or for any party to move to reopen the action, upon good cause shown.  (Dkt. 86).   The action was administratively closed, and all pending motions were denied as moot (*Id.*), including Plaintiff's then-pending motion for leave to file a Fourth Amended Complaint.  (Dkt. 76.)

On June 9, 2022, while the action remained closed, Plaintiff served CMG with a purported summons and several documents that had been previously filed in this

action.  (Dkt. 94).   The purported summons described the contents of the "[s]ummon[s] packet," but provided no other direction to CMG.  (Dkt. 98-1.)  It did not bear the court's seal, nor was it signed by the clerk.  (*Id.*)  On July 8, 2022, CMG moved to reopen the case in light of Plaintiff's actions after the case had been dismissed.  (Dkt. 97.)  The court granted that motion, and the case was reopened.  (Dkt. 101.)  CMG also moved for an order quashing the summons and proposed Fourth Amended Complaint which were served when the case was closed.  (Dkt. 98.)  The court granted CMG's motion, finding the summons procedurally deficient as it was served after the action had been dismissed and failed to substantially comply with the requirements of Federal Rule of Civil Procedure 4.  (Dkt. 106.)

Plaintiff now brings the Motion at issue.  (Dkt. 107.)  Plaintiff appears to seek reconsideration of the court's prior Orders (Dkts. 43, 106) and seeks additional relief, including leave to amend her Third Amended Complaint, a default against Defendant CMG for failing to respond to Plaintiff's January 27, 2022 summons, clarification concerning Defendants' waiver of summons, and an extension through September 6, 2022, to respond to Defendants' requests for admissions.  (Dkt. 107.)

## APPLICABLE STANDARDS

### 1.  Reconsideration

"[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly."  *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994).  The decision to grant a motion for reconsideration of a non-final

order is committed to the sound discretion of the court. *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993). A motion for reconsideration requires the moving party to show: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or manifest injustice. *Branch Banking & Tr. Co. v. Shirley Inv. Properties, LLC*, No. 8:13-cv-528-T-23MAP, 2014 WL 12623802, at *1 (M.D. Fla. Jan. 16, 2014); *see Wendy's Int'l, Inc. v. Nu-Cape Const., Inc.*, 169 F.R.D. 680, 684–85 (M.D. Fla. 1996) (noting that "reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources").

### 2.    Leave to Amend Complaint

When a motion to amend a pleading is filed after the scheduling order deadline, the movant is required to show good cause under Federal Rule of Civil Procedure 16(b) before seeking leave to amend under Rule 15(a). *Green Island Holdings, LLC v. British American Isle of Venice (BVI), Ltd.*, 521 Fed. App'x 798, 800 (11th Cir. 2013); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order may be modified only for good cause and with the judge's consent. The advisory committee note to Rule 16(b) indicates that good cause exists if the deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment. The diligence of the party seeking leave to amend is considered in the

good cause analysis.  *See, e.g., Romero v. Drummond Co.*, 552 F.3d 1303, 1319 (11th Cir. 2008); *Sosa*, 133 F.3d at 1419.  If a motion for leave to amend is sufficient under Rule 16, the court may consider whether amendment is proper under Rule 15(a).  *Sosa*, 133 F.3d at 1419.

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading "once within a short time after the filing of responsive pleadings, and after that, 'only with the opposing party's written consent or the court's leave,' which '[t]he court should freely give . . . when justice so requires.'"  *In re Engle Cases*, 767 F.3d 1082, 1108 (11th Cir. 2014) (quoting Fed. R. Civ. P. 15(a)(2)).  Because the purpose of Rule 15(a) is to "allow parties to have their claims heard on the merits," leave to amend should be liberally granted "when the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief."  *Id.* (internal quotation and citation omitted).  However, a motion for leave to amend may appropriately be denied for the following reasons: (1) there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) allowing amendment would cause undue prejudice to the opposing party; or (3) amendment would be futile.  *Id.* at 1108–09.  The determination of whether to grant leave to modify a scheduling order, as well as to amend the complaint after responsive pleadings have been filed, is within the sound discretion of the trial court.  *Green Island Holdings, LLC*, 521 Fed. App'x at 800; *Romero*, 552 F.3d at 1318–19.

### 3.    Discovery Extension

Courts enjoy broad discretion in deciding how to best manage the cases before them. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997); *see Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990). In exercising this discretion, a court may, for good cause, extend the time concerning when an act must be done if the request is made before the original time, or its extension expires. Fed. R. Civ. P. 6(b)(1)(A).

Further, a court may extend the time concerning when an act must be done on a motion made after the time has expired if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). When considering whether a party failed to act due to excusable neglect, the court examines four factors: (1) potential prejudice to the non-moving party; (2) length of delay and potential impact on the proceedings; (3) reason for the delay; and (4) whether the movant acted in good faith. *Blake v. Enhanced Recovery Co., LLC*, No. 3:10-cv-1178, 2011 WL 3625594, at *1 (M.D. Fla. Aug. 17, 2011).

## ANALYSIS

### 1. Motions for Reconsideration, Default, and Clarification

Plaintiff's Motion requests the court "grant Rule 12(B)(6) default in favor of Plaintiff" based on Defendants' alleged refusal to respond to the January 27, 2022 summons. (*Id.* at 2–3.) Plaintiff argues that Defendants' waiver of service provides Defendants with an advantage by "ignoring parties were served and they decided not to respond." (*Id.* at 3.) During the hearing, Plaintiff reasserted her prior arguments

that Defendant CMG was properly served with the Third Amended Complaint but failed to timely respond.  Plaintiff has asserted this argument in multiple filings.  (*See* Dkts. 22, 31, 32, 45, 54.)  Plaintiff's argument concerns the court's prior Orders quashing Plaintiff's service made on non-party Skills Center and quashing the defective summons made on Defendant CMG.  (Dkts. 43, 106.)  However, Plaintiff fails to show an intervening change in controlling law, new evidence, or the need to correct clear error or manifest injustice in order to warrant reconsideration of the court's prior Orders.  *Branch Banking & Tr. Co.*, 2014 WL 12623802, at *1 (detailing the requirements for reconsideration).  Moreover, all parties conceded during an earlier hearing that the incorrect entity was mistakenly served.  Thus, the correct party was not properly served with process.  Defendant CMG agreed to accept service, which eliminated the need for Plaintiff to hire a process server to serve Defendant CMG with the Third Amended Complaint.  Further, by accepting service, the proper party could participate in the litigation.  Therefore, Plaintiff's requests for reconsideration and default are denied.

Plaintiff also seeks clarification concerning the court's prior Orders regarding service of her Third Amended Complaint and Defendants' waiver of service.  (*See* Dkts. 43, 106.)  Plaintiff specifically asks for clarification on the impact of Defendants' waiver of service.  (Dkt. 107.)  During the hearing, the court clarified that Defendant CMG properly waived formal service (Dkt. 48), eliminating the need for Plaintiff to hire a process server to serve Defendant with the Third Amended Complaint and

allowing all parties to participate in this matter.  *See* Fed. R. Civ. P. 4(d); *Cooley v. Ocwen Loan Servicing, LLC*, 729 Fed. App'x 677, 682 (11th Cir. 2018) ("Rule 4 of the Federal Rules of Civil Procedure requires a plaintiff to serve each defendant with a copy of both the summons and the complaint unless the defendant waives service."); *United States v. Coldwell Banker Bullard Realty Co., Inc.*, No. 1:08-cv-3427, 2009 WL 10664944, at *2 (N.D. Ga. July 22, 2009) (explaining that when a waiver of service has been filed, proof of service is not required and the Federal Rules of Civil Procedure apply as if a summons and complaint has been served at the time of filing the waiver).

### 2.   Motion for Leave to Amend Third Amended Complaint

Plaintiff also appears to request the court "grant leave to amend original complaint" and cites to her proposed Fourth Amended Complaint filed earlier in this action in an unrelated filing.  (Dkt. 107 at 2; Dkt. 76-1.)  Plaintiff states that the amendment "is an expected claim tied to the original offense of the age and equity pay complaint, which is separate from the retaliation that needs to be amended."  (*Id.*)  Plaintiff does not provide any further information on the claims she seeks to add.

Under the court's Scheduling Order, the deadline to amend was July 8, 2022.  (Dkt. 83.)  Plaintiff is therefore required to show good cause under Federal Rule of Civil Procedure 16(b) before seeking leave to amend under Rule 15(a).  *Green Island Holdings, LLC*, 521 Fed. App'x at 800; *Sosa*, 133 F.3d at 1418.  To establish good cause, Plaintiffs must have been diligent.  *Sosa*, 133 F.3d at 1418; *see* Fed. R. Civ. P. 16(b)(4).  Plaintiff does not address Rule 16(b).  Plaintiff does not explain when she first became

aware of the basis for any proposed amendment or how the court's deadline could not have been met despite her diligence.  *See* Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment; *Romero*, 552 F.3d at 1319; *Sosa*, 133 F.3d at 1419.  Given the lack of explanation, Plaintiff fails to establish good cause for amending her pleading after the deadline in the Scheduling Order.  *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1243 (11th Cir. 2009) (affirming denial of plaintiff's motion to amend its complaint for failure to show good cause why it did not amend before the amendment deadline imposed in the scheduling order); *Sosa*, 133 F.3d at 1419 (affirming district court's denial of plaintiff's motion to amend her complaint because plaintiff's failure to comply with the court's scheduling order resulted from a "lack of diligence in pursuing her claim").

### 3.    Motion to Include Covid-19 As Precedent in Wrongful Termination

In her Motion, Plaintiff asks the court "to include discovery questions inquiry and any other kind of information be looked at as extraordinary times because the pandemic onset January 2020, and its continuous with end date uncertain." (Dkt. 107 at 2.)  Plaintiff also states that the "consideration should include that 2019 and 2020 is not a comparable year for the Computer Mentors Group employees count due to the world pandemic."  (*Id.*)  During the hearing, Plaintiff argued that the court should consider COVID-19 and the impact of her being wrongfully terminated on her and her family.

A pro se plaintiff "is subject to the relevant law and rules of the court[.]"  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).  Further, pro se plaintiffs "must abide by the Local Rules for the Middle District of Florida, the Federal Rules of Civil Procedure, and the applicable substantive law."  *Douce v. Brevard Cnty. Tax Collector Off.*, No. 6:15-cv-1762-ORL40GJK, 2016 WL 11578750, at *2 (M.D. Fla. Mar. 10, 2016), *report and recommendation adopted*, No. 6:15-cv-1762-ORL40GJK, 2016 WL 11578749 (M.D. Fla. Apr. 27, 2016); *see Martins v. Royal Caribbean Cruises, Ltd.*, 431 F. Supp. 3d 1355, 1364 (S.D. Fla. 2019).

Under Local Rule 3.01(a), "[a] motion must include — in a single document no longer than twenty-five pages inclusive of all parts — a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request."  From Plaintiff's Motion and her arguments at the hearing, it is unclear what relief Plaintiff is requesting with regard to COVID-19.  Further, Plaintiff's Motion does not include a statement of the basis for the request or a legal memorandum supporting the request.  Therefore, Plaintiff's arguments regarding COVID-19 are denied.

### 4.    Motion for Extension

Plaintiff seeks an extension to respond to Defendants' Requests for Admissions through September 6, 2022.  (Dkt. 107 at 5.)  The Requests for Admissions were served on July 15, 2022.  (Dkt. 109 at 15.)  During the hearing, Plaintiff stated that she provided her responses to Defendants on September 5, 2022.  The court finds good

cause to allow the requested extension and Plaintiff's responses are deemed timely. *See* Fed. R. Civ. P. 6(b)(1)(A).   However, as stated during the hearing, all parties, including Plaintiff, are to abide by Local Rule 3.01(g) regarding conferral moving forward and motions that do not comply with Local Rule 3.01(g) will be denied.

Accordingly:

1. Plaintiff's Motion for Reconsideration of Order [106]/Grant Leave to Amend Complaint [76]/Include COVID-19 as Precedented in Wrongful Termination/Grant Rule 12(b)(6) Default in Favor of Plaintiff [16, 17]/Clarification on Waiver Summon [48]/Extend Request Discovery Questions Until September 6, 2022 (Dkt. 107) is **GRANTED in part** and **DENIED in part**.

2. Plaintiff's request for an extension to respond to Defendant's Requests for Admissions is granted.   As noted in the court's prior Order (Dkt. 125), Plaintiff's responses are deemed timely provided.

3. Plaintiff's Motion is also granted to the extent clarification was given to Plaintiff during the hearing regarding service and Defendant CMG's waiver of service.

4. Plaintiff's Motion is otherwise denied.

5. Plaintiff is directed to comply with Local Rule 3.01(g) on all future motions

filed in this matter.

**ORDERED** in Tampa, Florida, on November 14, 2022.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party