UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SABA BAPTISTE-ALKEBUL-LAN,

    Plaintiff,

v.                                                    Case No: 8:21-cv-1751-CEH-JSS

COMPUTER MENTORS GROUP,
INC.,

    Defendant.
_____/

## ORDER

As part of a motion requesting reconsideration and clarification of several of the court's orders, Plaintiff moves to disqualify the undersigned from this matter. (Motion for Recusal, Dkt. 133.) Upon consideration and for the reasons stated below, the Motion for Recusal is denied.

"A judge should recuse [herself] under § 455(a) when there is an appearance of impropriety." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (citing 28 U.S.C. § 455(a)). "[T]he standard of review for a § 455(a) motion 'is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality[.]" *Id.* (quoting *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988)). "[A]ny doubts must be resolved in favor of recusal," *id.*, however, "unsupported and tenuous allegation[s] do[] not warrant recusal." *Yeyille v. Miami*

*Dade Cnty. Pub. Sch.*, 654 F. App'x 394, 396 (11th Cir. 2016) (citing *Giles v. Garwood*, 853 F.2d 876, 878 (11th Cir. 1988)).

In the Motion for Recusal, Plaintiff states that the undersigned "has an obvious conflict of interest due to Akerman Law at one time being her employer" and that Plaintiff has "noticed multiple favors that have been afforded to Defendants" based on this claimed conflict of interest. (Dkt. 133 at 3–4.) Plaintiff has previously moved to disqualify the undersigned on the basis of her former employment at Akerman LLP. (Dkt. 34.)

As the court explained in its order denying Plaintiff's previous motion (Dkt. 36), "[a] judge's former affiliation with a firm representing a party, without more, is not grounds for disqualification." *Strickland v. Chase Bank USA Nat'l Ass'n*, No. 1:08-cv-3270-WSD, 2010 WL 298798, at *2 (N.D. Ga. Jan. 19, 2010) (quoting *Draper v. Reynolds*, 369 F.3d 1270, 1281 & n.18 (11th Cir. 2004) (holding that judge's former affiliation with law firm that represented a party did not warrant disqualification under 28 U.S.C. 455(a); and noting that a two-year recusal period is generally reasonable where the judge is no longer receiving financial payment from a former law firm)); *Huff v. Standard Life Ins.*, 683 F.2d 1363, 1370 (11th Cir. 1982) (noting that the fact that the judge was a former law partner of the firm representing one of the parties in the action did not create a risk of impartiality that would jeopardize the image of the judicial system); *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1166 (5th Cir. 1982) ("The fact that [the judge] once represented [the defendant] in unrelated matters does not forever prevent him from sitting in a case in which [the defendant] is

a party. . . . The relationship between [the judge] and [the defendant], terminated at least six years ago [when the judge was appointed to the bench], is too remote and too innocuous to warrant disqualification under § 455(a)."); *Apex Oil Co. v. Apex Oil*, 981 F.2d 302, 304 (8th Cir. 1992) (holding that an Eighth Circuit judge's prior partnership in the law firm that represented a party involved in the bankruptcy dispute at issue was not required to recuse himself); *Ford v. Bank of Am.*, No. 99-2368, 2000 WL 1028238, at *2 (10th Cir. July 26, 2000) (unpublished) (noting that a judge's prior employment with law firm representing defendants did not require disqualification).

Further, adverse rulings do not constitute a basis for recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); *Moore v. Shands Healthcare, Inc.*, 617 F. App'x 924, 927 (11th Cir. 2015) (finding that recusal of district judge was not warranted in employment discrimination suit, where employee moved for recusal based merely on dissatisfaction with judge's rulings in favor of employer) (citing *Loranger v. Stierheim*, 10 F.3d 776, 780 (11th Cir. 1994); *Paylan v. Bondi*, No. 8:15-cv-1366-T-36AEP, 2017 WL 11553079, at *3 (M.D. Fla. Apr. 6, 2017) ("Paylan is merely dissatisfied with another of the Court's rulings, which is not a basis for recusal.")

Moreover, as the court previously explained, the undersigned has no financial ties with Akerman LLP and no personal stake in the outcome of this case. *See* (Dkt. 36.) Plaintiff has not demonstrated any basis for recusal and because a judge is "equally obligated to preside over a case when there is no legitimate reason to recuse as she is when the law and facts require recusal," the undersigned declines to recuse

- 4 -

herself from this matter. *Paylan*, 2017 WL 11553079, at *3; *see also Sec. & Exch. Comm'n v. N. Am. Clearing, Inc.*, No. 6:08-cv-829-Orl-MSS-KRS, 2010 WL 11519387, at *3 (M.D. Fla. May 4, 2010) (denying motion for recusal where judge was more than a decade removed from employment at former firm and motion was "essentially a claim of bias based on orders or comments that were adverse to Defendant").

Accordingly, Plaintiff's Motion for Recusal (Dkt. 133) is **DENIED**.

**ORDERED** in Tampa, Florida, on February 3, 2023.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party